## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **RUTH ZEGO,** | : | |
| | : | **Case No. 2:15-CV-3098** |
| **Plaintiff,** | : | |
| | : | **JUDGE ALGENON L. MARBLEY** |
| **v.** | : | |
| | : | **Magistrate Judge Deavers** |
| **MERIDIAN-HENDERSON,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |

## OPINION & ORDER

This matter is before the Court on the Joint Motion of Plaintiff Ruth Zego and

Defendants Meridian-Henderson, LLC, Xhevair Brakaj, and Gazim Jim Velio ("Defendants") for

Leave to File Confidential Settlement Agreement and General Release Under Seal.  (Doc. 24.)

For the reasons that follow, the Court **DENIES** the Motion.

### I.      BACKGROUND

On December 21, 2015, Plaintiff commenced this action on behalf of herself and all

others similarly situated to her, alleging that Defendants violated the Fair Labor Standards Act

("FLSA") by failing to pay putative class members minimum wage and overtime compensation.

(Doc. 1.)  Plaintiff also filed various other claims, including disability discrimination,

harassment, and retaliation.  Plaintiff filed a motion to certify a collective action under 29 U.S.C.

§ 216(b), on which the Court has not yet ruled.  (Doc. 11.)  After Plaintiff filed an amended

complaint, Defendants filed counterclaims against Plaintiff for conversion, breach of fiduciary

duties, and faithless servant.  (Docs. 12, 19.)  The parties reported that they have reached a

settlement and filed a joint motion for leave to file their confidential settlement agreement and

general release under seal.  (Doc. 24.)

## II.     ANALYSIS

The goal of the FLSA is to ensure that covered employees receive a "fair day's pay for a fair day's work." *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 739 (1981).  The FLSA's provisions are mandatory and "generally not subject to bargaining, waiver, or modification by contract or settlement," but an exception to this general rule applies when a court reviews and approves a settlement in a private action for back wages under 29 U.S.C. § 216(b).  *Dillworth v. Case Farms Processing, Inc.*, No. 5:08-cv-1694, 2010 WL 776933, at \*5 (N.D. Ohio Mar. 8, 2010) (citing *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 713 (1945)).  The Court's task in approving such a settlement is to ensure that there is a "bona fide dispute between the parties as to the employer's liability under the FLSA, lest the parties be allowed to negotiate around the FLSA's requirements concerning wages and overtime." *Kritzer v. Safelite Solutions, LLC*, No. 2:10-cv-729, 2012 WL 1945144, at \*5 (S.D. Ohio May 30, 2012).

Although the Sixth Circuit has not yet weighed in on this issue, the overwhelming majority of trial courts to consider whether to approve confidential settlements in FLSA cases have held that there is a strong presumption in favor of public access to settlement agreements in these cases.  Trial courts determine whether a settlement may be kept confidential by balancing the parties' interests in confidentiality against this strong presumption.  *See, e.g.*, *Snook v. Valley OB-GYN Clinic, P.C.*, No. 14-cv-12302, 2014 WL 7369904, at \*3 (E.D. Mich. Dec. 29, 2014) ("Generally, courts have 'roundly rejected' the argument that confidentiality provisions in settlement agreements are a sufficient interest to overcome the presumption of public access.").

The Court agrees with the majority of courts that have considered this issue, including courts within the Sixth Circuit, and held that "[a] confidentiality provision in an FLSA settlement agreement . . . contravenes the legislative purpose of the FLSA." *Dees v. Hydradry, Inc.*, 706 F.

Supp. 2d 1227, 1242 (M.D. Fla. 2010); *see also Steele v. Staffmark Investments, LLC*, --- F.

Supp. 3d ----, 2016 WL 1156744, at *5 (W.D. Tenn. Mar. 23, 2016); *Snook*, 2014 WL 7369904,

at *3-4; *Joo v. Kitchen Table, Inc.*, 763 F. Supp. 2d 643, 647 (S.D.N.Y. 2011).  Indeed,

"[s]ealing FLSA settlements from public scrutiny could thwart the public's independent interest

in assuring that employees' wages are fair."  *Rodriguez v. El Pollo Regio, Inc.*, No. 3:11-cv-

2276, 2012 WL 5506130, at *1 (N.D. Tex. Feb. 23, 2012).  Absent an "extraordinary reason,"

such settlement agreements should not be sealed.  *Id.*; *see Joo*, 763 F. Supp. 2d at 646-47

(collecting cases).

Here, the parties have not put forward an extraordinary reason to justify the

confidentiality provisions contained in the settlement.  Their proffered reason for seeking leave

to file the settlement agreement under seal—that confidentiality is one of the terms of the

settlement (Doc. 24 at 3)—is insufficient to overcome the strong presumption of public access to

FLSA settlements.  *Snook*, 2014 WL 7369904, at *3.  The Court, therefore, **DENIES** the motion

for leave to file the settlement under seal.

### III.    CONCLUSION

The Court **DENIES** the Joint Motion for Leave to File Confidential Settlement

Agreement and General Release Under Seal.  (Doc. 24.)  Because the settlement also concerns

non-FLSA claims, however, the parties are permitted to seek leave to file those portions of the

settlement agreement under seal, if the parties determine that such a severance of the settlement

agreement is practicable, while filing the portion of the settlement agreement concerning the

FLSA claims on the public docket.

Otherwise, the parties may choose either to continue to litigate this case or to file their settlement agreement on the public docket with a memorandum in support of its fairness and reasonableness.

      **IT IS SO ORDERED.**

                        **s/ Algenon L. Marbley**
                    **ALGENON L. MARBLEY**
                    **UNITED STATES DISTRICT JUDGE**

**DATED:  August 24, 2016**