**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **RUTH ZEGO,** | : | |
| | : | **Case No. 2:15-CV-3098** |
| **Plaintiff,** | : | |
| | : | **JUDGE ALGENON L. MARBLEY** |
| **v.** | : | |
| | : | **Magistrate Judge Deavers** |
| **MERIDIAN-HENDERSON,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |

**OPINION & ORDER**

This matter is before the Court on the Joint Motion for Settlement of Plaintiff Ruth Zego and Defendants Meridian-Henderson, LLC, Xhevair Brakaj, and Gazim Jim Velio ("Defendants"). (Doc. 26.) For the reasons that follow, the Court **GRANTS** the Motion.

**I.     BACKGROUND**

On December 21, 2015, Plaintiff commenced this action on behalf of herself and all others similarly situated to her, alleging that Defendants violated the Fair Labor Standards Act ("FLSA") by failing to pay putative class members minimum wage and overtime compensation and discharging Plaintiff in retaliation for her complaints about violations of the FLSA. (Doc. 1.) Plaintiff also filed asserted various other causes of action, including disability discrimination, harassment, and retaliation under state and federal law. Plaintiff filed a motion to certify a collective action under 29 U.S.C. § 216(b), on which the Court has not yet ruled. (Doc. 11.) After Plaintiff filed an amended complaint, Defendants filed counterclaims against Plaintiff for conversion, breach of fiduciary duties, and faithless servant. (Docs. 12, 19.) The parties reached a settlement and filed a joint motion for leave to file their settlement agreement under seal, which the Court denied on August 24, 2016 because the parties' "proffered reason for seeking leave to

1

file the settlement agreement under seal—that confidentiality is one of the terms of the

settlement (Doc. 24 at 3)—is insufficient to overcome the strong presumption of public access to

FLSA settlements." (Doc. 25 at 3.)  On September 19, 2016, the parties filed another Joint

Motion for Settlement, this time on the public docket.  (Doc. 26.)

## II.    ANALYSIS

The goal of the FLSA is to ensure that covered employees receive a "fair day's pay for a

fair day's work."  *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 739 (1981).  The

FLSA's provisions are mandatory and "generally not subject to bargaining, waiver, or

modification by contract or settlement," but an exception to this general rule applies when a

court reviews and approves a settlement in a private action for back wages under 29 U.S.C. §

216(b).  *Dillworth v. Case Farms Processing, Inc.*, No. 5:08-cv-1694, 2010 WL 776933, at *5

(N.D. Ohio Mar. 8, 2010) (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 713 (1945)).  The

Court's task in approving such a settlement is to ensure that there is a "bona fide dispute between

the parties as to the employer's liability under the FLSA, lest the parties be allowed to negotiate

around the FLSA's requirements concerning wages and overtime."  *Kritzer v. Safelite Solutions,

LLC*, No. 2:10-cv-729, 2012 WL 1945144, at *5 (S.D. Ohio May 30, 2012).

The Court finds that the parties' proposed settlement resolves a bona fide dispute under

the FLSA.  Plaintiff alleged that Defendants violated the FLSA by not awarding minimum wage

and overtime wages at the rate of one and one-half times Plaintiff's regular rate of pay for the

hours she worked over forty in each work week.  29 U.S.C. § 207.  Plaintiffs initiated this

litigation against Defendants over numerous contested issues.  *See Lynn's Food Stores, Inc. v.

United States*, 679 F.2d 1350, 1354 (11th Cir. 1982) (holding that approval of a settlement is

appropriate where "initiation of the action by the employees provide some assurance of an

2

adversarial context").  Finally, the parties fully briefed a contested motion for FLSA collective-action certification.  (*See* Doc. 11.)

Additionally, the Court finds that the settlement is fair, reasonable, and adequate.  In making this determination, the Court considers several factors: (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest.  *Vassale v. Midland Funding LLC*, 708 F.3d 747, 754 (6th Cir. 2013).  Nearly all these factors weigh in favor of approval of the settlement.  The parties reached a settlement after almost nine months of contested litigation.  Defendants will pay a settlement amount of $30,000.00 to Plaintiff, of which $149.00 constitutes compensation for alleged unpaid overtime and the remainder constitutes compensation for Plaintiff's pain and suffering due to conditions resulting from her disability, which worsened as a result of alleged conditions of her employment with Defendants.  Plaintiff's counsel, experienced wage-and-hour litigators, support the settlement agreement.  The disputed issues in the case are fact-intensive and would likely lead to prolonged litigation absent a settlement.  No other plaintiffs have opted into or out of the suit.

### III.    CONCLUSION

The Court **GRANTS** the Joint Motion for Settlement.  (Doc. 26.)  Plaintiff Zego's claims and Defendants' counterclaims are **DISMISSED with prejudice**.  Plaintiff's Motion for Preliminary Certification under the FLSA is **MOOT**. (Doc. 11.)

**IT IS SO ORDERED.**

___ s/ Algenon L. Marbley_____
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED:  September 27, 2016**

3